09-2520-ag (L); 09-2521-ag (Con)
Tazu v. Holder

BIA
A073 164 337
A073 164 338
A073 164 339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand ten.

PRESENT:

DENNIS JACOBS,
*Chief Judge,*
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

SYED TAZU, SHAHIDA RAHMAN,
SYED SHADMAN SARAR,
*Petitioners*,

v.                                          09-2520-ag (L);
                                            09-2521-ag (Con)
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, DEPARTMENT OF
HOMELAND SECURITY,
*Respondents.*

_____

FOR PETITIONERS:        Amy N. Gell, Gell & Gell, New York,
                        New York.

FOR RESPONDENTS:        Tony West, Assistant Attorney
                        General, Civil Division; Cindy S.
                        Ferrier, Senior Litigation Counsel;
                        M. Jocelyn Lopez Wright, Senior

**Litigation Counsel; Keith I. McManus, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division; Kristin K. Edison, Attorney, Civil Division, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that these petitions for review are *sua sponte* CONSOLIDATED. The consolidated petitions for review are DENIED.

The Petitioners, Syed Tazu, his wife, Shahida Rahman, and their son, Syed Shadman Sarar, natives and citizens of Bangladesh, seek review of: (1) a May 13, 2009, order of the BIA, denying Tazu and Rahman's motion to reopen, *In re Tazu*, Nos. A 073 164 338/339 (B.I.A. May 13, 2009); and (2) a May 13, 2009, order of the BIA, denying Sarar's motion to reopen, *In re Sarar*, No. A 073 164 337 (B.I.A. May 13, 2009).[1] We assume the parties' familiarity with the underlying facts and procedural history of the cases.

---

[1] Because these petitions involve common issues of law and fact, we *sua sponte* consolidate the cases for disposition and designate Docket Number 09-2520-ag as the lead petition. The Clerk's Office is directed to amend the official caption in this case to conform with this order.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

In general, an alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). It is indisputable that the Petitioners' motions to reopen were untimely. However, there is no time limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). The filing deadline may also be equitably tolled based on a claim of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

**I. Changed Country Conditions**

In their motions, the Petitioners argued that country conditions had changed in that anti-American sentiment and religious extremism were on the rise in Bangladesh. Contrary to the Petitioners' argument here, the record does

3

not compellingly suggest that the BIA ignored any evidence material to their claim. Indeed, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *See Jian Hui Shao*, 546 F.3d at 169 (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)) (internal quotation marks omitted). Regardless, the evidence relied on by the Petitioners does not discuss, much less establish, whether an increase in anti-American sentiment and Islamic extremism has resulted in the mistreatment of similarly situated "westernized" Bangladeshis who return home. *See id.* at 160-61. Moreover, although the BIA noted that Bangladesh suffers from "generalized violence and terror attacks," it properly found such evidence insufficient to establish the Petitioners' *prima facie* eligibility for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 & n.3 (2d Cir. 1999) (noting that generally high levels of crime or violence do not on their own establish evidence of persecution).

## II. Ineffective Assistance of Counsel

Petitioners Tazu and Rahman argued in their motion that their former counsel provided ineffective assistance in preparing their motion to reopen. In rejecting that claim,

4

the BIA found that Tazu and Rahman's claim "was not supported by any evidence that might have made a potential showing of ineffective [] assistance or defective performance of counsel." The BIA's seminal decision in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), requires an individual moving to reopen his removal proceedings based upon a claim of ineffective assistance of counsel to: (1) support his motion with an affidavit attesting to the relevant facts; (2) inform his former counsel of the allegations and allow counsel the opportunity to respond; and (3) disclose whether a complaint has been filed with the appropriate disciplinary authorities regarding such representation, and if not, to explain why not. *Id.* at 639 (BIA 1988).[2]

We find unavailing the Petitioners' argument that they have "substantial[ly] compli[ed]" with the *Lozada* requirements. Tazu Br. at 19. Although we have rejected any requirement of "slavish adherence" to *Lozada*, *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007), we have nonetheless held that an "alien who has failed to comply

---

[2] To the extent the Petitioners argue their case should be remanded because the BIA erroneously referred to the now vacated *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009), the record indicates that the BIA correctly applied the *Lozada* framework.

substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court," *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005). Here, the Petitioners concede that they failed either to inform their attorney of the allegations against him or file a bar complaint with the appropriate authorities. Although before this Court the Petitioners proffer an explanation for why they failed to file a complaint against their former counsel, they did not do so before the BIA. That argument is therefore unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, the BIA did not abuse its discretion in denying their motion to reopen. *See Jian Yun Zheng*, 409 F.3d at 47.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6